**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4967**

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

     v.

LESLIE DOMINIC MUSGROVE,

           Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:11-cr-00016-JPB-DJJ-11)

Submitted:  September 27, 2013     Decided:  October 30, 2013

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dorwin J. Wolfe, WOLFE LAW FIRM, Elkins, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Dominic Musgrove was convicted of conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 846 (2006) and of aiding and abetting the possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 2006 & Supp. 2013). He received concurrent 360-month sentences. Musgrove now appeals. We affirm.

I

Musgrove contends that the district court erred in denying the last of several motions for a continuance, claiming that the denial prevented counsel from adequately preparing for trial. We review for abuse of discretion the district court's denial of a continuance. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). Even if the defendant can demonstrate an abuse of discretion, he also must show that the denial of a continuance specifically prejudiced

his case.  United States v. Hedgepeth, 418 F.3d 411, 423-24 (4th Cir. 2005).

We hold that there was no abuse of discretion. Notably, counsel represented to the court that he was prepared for trial and that the motion for a continuance was made at Musgrove's insistence.  Given counsel's representation, we cannot conclude that the motion for a continuance was justified. Further, Mugrove only speculates that the outcome of trial would have been different had the continuance been granted.

## II

Musgrove contends that the district court erred when it failed to compel the attendance of three defense witnesses. In a witness list submitted to the court prior to trial, counsel identified three witnesses as "probable."  Those witnesses were subpoenaed, and they testified at trial.  Counsel did not request that the court issue subpoenas for the remaining three witnesses, whose addresses were, according to the witness list, unknown.  Because the court was not asked to do anything with respect to securing the attendance of these witnesses, there was no error.

## III

Musgrove argues that the district court erred when it declined to give a proposed jury instruction that described the mechanics of a substantial assistance motion.  We review for

3

abuse of discretion the decision to give or to refuse to give a jury instruction. <u>United States v. Sarwari</u>, 669 F.3d 401, 410-11 (4th Cir. 2012). With respect to the refusal to give a proffered instruction, we have stated:

> A district court commits reversible error . . . only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. . . . Moreover, we do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law.

<u>United States v. Passaro</u>, 577 F.3d 207, 221 (4th Cir. 2009) (internal quotation marks and citations omitted).

We hold that the district court did not abuse its discretion in refusing Musgrove's proffered instruction. The charge given to the jury "substantially covered" the proffered instruction because it emphasized that the jury was to consider whether a witness had testified as he or she did in the hope of gaining a benefit, such as a lesser sentence. Knowing the procedure involved in a substantial assistance motion would not have assisted the jury in evaluating a witness' motivation to testify in a certain way.

IV

Musgrove also claims that the district court erred when it refused his pro se request to call prosecution witness

4

Shawn Rohrbaugh at sentencing. Information supplied by Rohrbaugh in a pretrial debriefing was used to calculate Musgrove's relevant conduct.

Under Fed. R. Crim. P. 32(i)(2), the sentencing court "may permit the parties to introduce evidence on the objections [to the presentence investigation report]." The Guidelines provide that if "any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S. Sentencing Guidelines Manual § 6A1.3(a) (2011). The Guidelines contemplate the presentation of various forms of evidence on disputed factors, including statements of counsel and affidavits of witnesses. U.S. Sentencing Guidelines Manual § 6A1.3 cmt. (2011). Thus, while "the court must ensure that the parties have an adequate opportunity to present relevant information [on a disputed issue]," there is no affirmative requirement that the court allow live testimony. Id. As the Tenth Circuit explained, "the court is allowed broad discretion in deciding whether to permit the introduction of testimony or other information." United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992). The defendant does not have the right to introduce live testimony on a disputed issue, but he must be afforded an "adequate"

opportunity to present relevant information to the court.  Id. at 978.

Here, the district court did not abuse its discretion in refusing the request to call Rohrbaugh at sentencing. Musgrove had the opportunity to dispute — and did dispute — relevant conduct attributed to him by Rohrbaugh, and the district court overruled his objection.  Further, the court made it clear that it would not credit anything Rohrbaugh might say at sentencing, given the court's opinion that Rohrbaugh had lied at trial.

V

Musgrove's offense level was increased by two points for obstruction of justice based on his influencing Rohrbaugh's testimony and based on his attempts to influence the testimony of prosecution witness Danielle Corbin.  See USSG § 3C1.1.  The court overruled Musgrove's objection to the enhancement, finding that obstruction of justice was established.  Musgrove claims that the enhancement constituted error.

In assessing whether a sentencing court correctly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).  An enhancement for obstruction of justice is proper if:

(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

USSG § 3C1.1. An application note provides that the enhancement should apply where a defendant is "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so[.]" USSG § 3C1.1 cmt. n.4(A).

At Musgrove's request, Rohrbaugh wrote a letter in which he denied that he and Musgrove were involved in selling drugs and that any telephone calls concerning methamphetamine trafficking were between himself and a person other than Musgrove. This letter was contrary to the overwhelming evidence at trial. Additionally, Corbin reported to the probation officer that Musgrove used third parties to threaten her in an effort to stop her from cooperating with authorities and testifying against Musgrove. Under these circumstances, the enhancement for obstruction of justice was proper.

VI

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the

7

decisional process.  The motions to file a pro se brief and pro se supplemental appendix are denied.

AFFIRMED